The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Thomas Joseph MALOUFF,
Defendant-Appellant.

No. 85CA0702.

Colorado Court of Appeals,
Div. I.

May 15, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Creagan & Mansfield, Anne Mansfield, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Thomas Joseph Malouff, appeals from a denial of his Crim. P. 35(c) motion. We affirm.

Defendant entered a plea of guilty to second degree burglary in 1974, and was sentenced to nine years, eleven months incarceration. In 1985, he filed a motion to vacate and set aside the judgment of conviction based on the alleged involuntariness of his plea, insufficient advisement of his rights, and violation of his due process rights.

After a hearing, the trial court found that defendant had not been advised that he had a right to testify at his trial, nor had his attorney been advised that defendant had a right to subpoena witnesses at the state's expense. However, the trial court concluded that in view of the total transcript and defendant's testimony, defendant had not presented a prima facie case under Crim. P. 35(c).

Defendant claims that he was not advised of his privilege against self-incrimination, nor of the concomitant right to testify

on his own behalf, and that therefore waiver of his fundamental Fifth Amendment rights cannot be presumed. The record and applicable legal principles do not support defendant's allegations.

Defendant primarily relies upon *People v. Curtis*, 681 P.2d 504 (Colo.1984). However, the issue in *Curtis* concerned a knowing and voluntary waiver *during trial* of that defendant's right to testify. In that context, a burden was placed on the trial court to ascertain on the record whether defendant knowingly and voluntarily waived his right to testify. The trial situation in *Curtis*, however, is not analogous to the post-conviction proceedings here. Moreover, even in *Curtis*, it was noted that the burden is on defendant to establish his allegations by a preponderance of the evidence in post-conviction proceedings.

 At the crux of defendant's argument is that his guilty plea was not entered voluntarily and knowingly because of the lack of certain advisements. For a guilty plea to be deemed voluntary or knowing there must be compliance with the provisions of Crim. P. 11 applicable at the time that defendant's plea is tendered, and the trial court must meet the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *People v. Moore*, 636 P.2d 1290 (Colo.App.1981). Both Crim.P. 11, as in effect at the time of defendant's guilty plea, and *Boykin v. Alabama* require that defendant be advised of his right to remain silent; however, neither requires that defendant be explicitly advised of his right to testify on his own behalf.

The record here establishes that prior to entering his guilty plea, defendant was asked by the court whether he understood that "if this case were to go to trial ... [defendant] could sit there with [his] attorney and not call any witnesses or say any word." Defendant answered: "Yes." Accordingly, we perceive no violation of defendant's due process right to be informed of his privilege against self-incrimination.

We note that the trial court here erroneously required defendant only to present a prima facie case, rather than requiring defendant to prove his allegations by a preponderance of the evidence. But, because defendant failed to present even a prima facie showing in support of the allegations of his Crim. P. 35(c) motion, this error was without significance. The trial court, therefore, properly denied his motion.

The order is affirmed.

BERMAN and TURSI, JJ., concur.