**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Barry L. HIGGINS, Defendant–Appellant.**

**No. 95CA0223.**

Colorado Court of Appeals,
Div. IV.

April 18, 1996.

Rehearing Denied June 27, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Robert M. Petrusak, Senior Assistant Attorney General, Denver, for Plaintiff–Appellee.

Joseph Saint Veltri, Denver, Wollrab and Associates, P.C., James C. Wollrab, Jr., Boulder, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Barry L. Higgins, appeals from the trial court's order denying his Crim. P. 35(c) motion for post-conviction relief. We affirm.

In October of 1993, defendant was arrested and charged with cocaine-related offenses. Shortly thereafter, the district attorney brought a public nuisance action, seeking forfeiture of defendant's home based on allegations that it constituted a public nuisance

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

because it had been used by defendant in the sale and storage of cocaine. The district attorney later amended the complaint to add a claim for forfeiture of two cars owned by defendant.

In May 1994, a stipulated final order was entered in the forfeiture action, and in August of that year defendant pled guilty to possession, possession with intent to distribute, and sale of cocaine. He was later sentenced by the trial court. In December 1994, defendant filed a motion to vacate his conviction and sentence pursuant to Crim P. 35(c). In the motion, defendant asserted that, as a result of the civil forfeiture action, he was twice punished for the same offense in violation of state and federal prohibitions against double jeopardy. The court denied the motion on the ground that defendant had pled guilty after having had an opportunity to raise the double jeopardy issue.

Defendant contends that the trial court erred in denying his Crim. P. 35(c) motion. We disagree.

In *People v. Milton*, 732 P.2d 1199 (Colo. 1987), our supreme court held that a forfeiture under the public nuisance statute, § 16–13–301, et. seq., C.R.S. (1986 Repl.Vol. 8A), was essentially civil in nature and thus did not constitute a separate punishment.

Defendant argues that *People v. Milton, supra*, is no longer controlling in light of recent United States Supreme Court decisions including *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) and *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). These cases hold that, for purposes of double jeopardy analysis, a civil penalty may constitute a punishment if it serves retributive or deterrent goals.

Here, however, we conclude that defendant's collateral double jeopardy challenge is foreclosed by his guilty plea and judgment of conviction and that we therefore need not address whether the *Milton* holding remains viable.

In *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the defendants pled guilty to two counts of conspiracy. Thereafter, asserting a double jeopardy argument, they filed a motion to vacate the convictions and sentences under the second count. The supreme court held that the collateral challenge based on double jeopardy grounds was barred by the defendants' guilty pleas and convictions.

The Court stated:

[W]hen the judgment of conviction upon a guilty plea has become final, and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

. . . .

By entering a plea of guilty the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

. . . .

Respondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictments ... They chose not to, and hence relinquish that entitlement.

*United States v. Broce, supra*, 488 U.S. at 569, 109 S.Ct. at 762, 102 L.Ed.2d at 935. *See People v. Sandreschi*, 849 P.2d 873 (Colo. App.1992).

Citing *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) and *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), the Court noted, however, that a guilty plea does *not* preclude a collateral attack based on double jeopardy grounds if the charge, judged on its face, is one which the state may not constitutionally prosecute. *United States v. Broce, supra.*

In *Blackledge v. Perry, supra*, the defendant was charged with and convicted of misdemeanor assault with a deadly weapon. While his appeal was pending, the state charged him with felony assault with a deadly weapon with intent to kill and inflict serious bodily injury. He pled guilty to the charges. The Court held that defendant's

guilty plea did not foreclose a collateral attack because the initiation of the felony charge itself violated his right to due process of law.

The defendant in *Menna v. New York, supra,* had been sentenced to a jail term for contempt as a result of his refusal to obey a court order to testify in front of a grand jury. After he was released, he was indicted for the same refusal to testify. He pled guilty and was sentenced and then appealed the conviction. In a brief *per curiam* opinion, the Court held that defendant was not barred from making a double jeopardy challenge even though he had entered a guilty plea.

The Supreme Court, in *Broce,* distinguished *Blackledge* and *Menna* on the grounds that, in those cases, the later indictment was facially duplicative of the earlier charge. The *Broce* Court also emphasized that in both *Menna* and *Blackledge* the trial court could have determined, based on the existing record at the time the plea was entered, that the second charge could not be prosecuted. In *Broce,* the defendants entered guilty pleas to indictments that on their face described separate conspiracies, so they could not have proven their double jeopardy claims by relying on the indictments and the existing record.

In *United States v. Falkowski,* 900 F.Supp. 1207 (D.Alaska 1995), the court considered the issue in a factual setting similar to the one here. There, the defendant moved to vacate his conviction pursuant to a guilty plea on the grounds that, as a result of civil forfeiture actions stemming from the same drug offenses, he was twice put in jeopardy in violation of the Fifth Amendment. The court found that the trial court could not have resolved the double jeopardy issue based on the existing record. In so finding, the court stated:

> [B]ecause the record in the civil forfeiture proceeding was not part of the record in the criminal prosecution at the time of the plea, and virtually never will be, and the indictment in the criminal prosecution did not reference the civil forfeiture, and virtually never will, it necessarily follows that the *Menna* exception to the *Broce* rule has no application to Falkowski's case. In

fact, proper consideration of *Broce* suggests that the *Menna* exception will almost never apply to a civil forfeiture because it will not be referenced in the criminal indictment or the criminal record at the time of the plea.

*United States v. Falkowski, supra,* 900 F.Supp. at 1212. *Cf. Oakes v. United States,* 872 F.Supp. 817 (E.D.Wash.1994) (defendant did not waive double jeopardy claim by pleading guilty when challenge to his conviction and sentence was based solely on the face of the indictment and the record in both the criminal and civil actions).

Here, as in *United States v. Falkowski, supra,* based on the record at the time the plea was entered, the trial court could not have determined that defendant was being twice placed in jeopardy for the same conduct.

The civil forfeiture action was not part of the record in the criminal case at the time the plea was entered, nor did the criminal complaint cross-reference the civil proceeding. Further, no mention of the civil action was made at the time defendant entered his plea. Moreover, the criminal and civil cases were given separate docket numbers and assigned to different judges. Defendant has not pointed to any portion of the record which demonstrates that the trial court in the criminal case could or should have concluded, prior to accepting defendant's plea, that the State was barred, on double jeopardy grounds, from bringing the charges. *See United States v. Falkowski, supra.*

As the *Falkowski* court points out, the court in *Oakes v. United States, supra,* applied a different test: It looked to whether the double jeopardy issue could have been adjudicated on the face of the records in *both* the criminal and civil cases. We agree, however, with the analysis in *Falkowski.* Based upon the guidelines set forth by the Supreme Court in *United States v. Broce, supra,* the focus must be only on the record that the trial court had before it in the criminal proceeding at the time it accepted defendant's guilty plea.

Here, at the time of defendant's plea, the record in the criminal proceeding did not, on

its face, refer in any way to the civil forfeiture, and defendant did not raise the double jeopardy issue at that time or, indeed, prior to sentencing. Accordingly, we find no error in the trial court's denial of defendant's Crim. P. 35(c) motion.

Because defendant did not attempt to bring the civil forfeiture to the attention of the trial court prior to his sentencing, we need not decide whether a different result would be required had he done so.

The trial court's order is affirmed.

MARQUEZ and BRIGGS, JJ., concur.