The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Brand PATTON, Defendant–Appellant.

No. 98CA0892.

Colorado Court of Appeals, Div. IV.

Dec. 9, 1999.

Certiorari Granted Sept. 5, 2000.

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Jane Hazen, Jane Hazen, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Brand Patton, appeals the judgment of conviction and sentences entered upon his guilty pleas to one count of unlawful possession of a controlled substance and one count of unlawful manufacture/distribution of a controlled substance. We affirm.

Defendant was charged with multiple counts in two successive cases. In case 97CR26, a multi-defendant information was filed. Defendant was charged with unlawfully manufacturing methamphetamine/amphetamine (count 17), unlawfully possessing methamphetamine/amphetamine (count 18), unlawfully possessing ephedrine (count 19), conspiring to manufacture or distribute methamphetamine/amphetamine (count 20), and conspiring to manufacture or distribute ephedrine (count 21). In addition, defendant was charged with a petty offense and a sentence enhancement provision for possession of a deadly weapon. The information alleged that all of the offenses were committed between October 1, 1996, and February 4, 1997.

After the prosecutor dismissed count 19 of the information, the county court conducted a preliminary hearing on the remaining felony charges. The court found probable cause for each offense and bound defendant over to district court.

Defendant was later charged with three additional offenses in case 97CR125: two counts of unlawful distribution, manufacturing, dispensing, sale, and possession of methamphetamine and one count of conspiracy to commit unlawful distribution, manufacturing, dispensing, sale, and possession of methamphetamine. The information alleged that these offenses were committed between February 5, 1997, and July 17, 1997. Defendant was bound over to district court on these charges as well.

In the district court, the prosecutor filed a motion seeking to consolidate the two cases and asking the court to combine the "similar" charges "with an offense date of October 1, 1996, to July 17, 1997." The record does not indicate that the trial court granted the motion, but it did order that the two cases be "joined for further disposition."

Soon thereafter, the parties entered into a plea agreement. Pursuant to that agreement, the People amended count 17 in case 97CR26 (the methamphetamine/amphetamine manufacturing count) so that the dates charged were from October 1, 1996, to July 17, 1997. Defendant agreed to plead guilty to that amended charge, together with count 18 in the same case (unlawfully possessing methamphetamine/amphetamine between October 1, 1996, and February 4, 1997). In exchange, the People agreed to dismiss all remaining charges pending against defendant.

At the providency hearing, the factual basis for the two charges to which defendant had agreed to plead guilty was established by means of police affidavits prepared in support of the arrest and search warrants. The trial court accepted the pleas and imposed concurrent sentences to the Department of Corrections (DOC) of twelve years on the manufacturing count and six years on the possession count. This appeal followed.

## I.

■ Defendant contends that double jeopardy principles require that his conviction for possession of a controlled substance be merged into his conviction for unlawful manufacture of a controlled substance because manufacturing necessarily includes possession. The argument is premised on his assertion that the record establishes that the two convictions were based on identical conduct. Because we disagree with the premise of the argument, we find no constitutional violation.

■ Although a voluntary guilty plea waives all non-jurisdictional defenses, it does not necessarily preclude a challenge based on double jeopardy grounds. However, such a challenge can succeed only if it is evident from the face of the charging instrument and the record existing at the time the guilty plea was entered that the charge was one which the state could not constitutionally prosecute. *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *People v. Higgins*, 920 P.2d 898 (Colo.App.1996).

Initially, we note defendant's contention that the manufacture of a controlled substance necessarily includes its possession. We also note his contention that, if his challenge succeeds, he is entitled to retain the benefit of his plea bargain and, at the same time, obtain the dismissal of one of his two agreed convictions. Even assuming without deciding that defendant is correct as to both contentions, we conclude that his constitutional claim must fail.

Here, while there is some overlap in the two time periods charged in the two counts in the amended information, they are not identical. Further, it appears from the procedural history reflected in the record and the facts alleged in the arrest and search warrant affidavits that defendant had manufactured methamphetamine; had been arrested, charged, and released; and had again manufactured methamphetamine.

It therefore appears that defendant had engaged in the manufacture of at least one separate "batch" of methamphetamine in each relevant time period. At the least, it is not evident from the face of the information and the record existing at the time defendant entered his guilty pleas that the convictions were based on identical conduct or even one continuing course of conduct. As a result, he is not entitled to dismissal of either conviction based on double jeopardy principles. *See United States v. Broce, supra; Taylor v. Whitley*, 933 F.2d 325 (5th Cir.1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992); *see also* § 18–1–408, C.R.S.1999.

## II.

■ Defendant next argues that the trial court abused its discretion by imposing concurrent twelve-year and six-year sentences to the DOC. Specifically, he contends the trial court unduly emphasized his criminal history, underestimated his rehabilitative potential, relied on a biased presentence report which contained numerous inaccuracies, and imposed a sentence which was unfairly longer than those received by the co-defendants. We are not persuaded.

■ The trial court has wide latitude at sentencing. Absent an abuse of discretion, its decision will not be reversed on appeal. *People v. Lowery*, 642 P.2d 515 (Colo.1982).

■ In order for a sentence to constitute an abuse of discretion, it must be manifestly arbitrary, unreasonable, or unfair. *People v. Hughes*, 946 P.2d 509 (Colo.App.1997), *cert. denied*, 523 U.S. 1050, 118 S.Ct. 1369, 140 L.Ed.2d 517 (1998), *overruled on other grounds*, *Valdez v. People*, 966 P.2d 587 (Colo.1998).

■ Because sentencing is by its nature individualized, there is no rule that confederates in crime must receive equal sentences. *People v. Walford*, 716 P.2d 137 (Colo.App. 1985).

Unlawful manufacture of a schedule II controlled substance is a class three felony with a presumptive sentencing range of four to twelve years imprisonment. Unlawful possession of a schedule II controlled substance is a class four felony with a presumptive sentencing range of two to six years imprisonment. Sections 18–1–105(1)(a)(V)(A) and 18–18–405(2)(a)(I), C.R.S.1999.

Here, defense counsel asserted that the pre-sentence report contained inaccurate statements and was prepared by a probation officer who was biased against defendant. The trial court rejected defendant's claim of bias, but it continued the sentencing hearing so that defense counsel could further investigate the allegations contained in the pre-sentence report.

When the sentencing hearing reconvened the next month, defense counsel was able to correct the misstatements contained within the presentence report. Thus, we initially conclude the trial court did not abuse its discretion in the manner in which it afforded defendant an opportunity to rebut the information in the pre-sentence report. *See People v. Wright*, 672 P.2d 518 (Colo.1983) (trial court abused its discretion in failing to continue sentencing hearing to some future date to give defense counsel adequate opportunity to review and challenge pre-sentence report).

The record further reflects that the trial court properly considered defendant's criminal history, his previous unsuccessful attempt at drug rehabilitation, and the degree to which he participated in a wide-ranging conspiracy to manufacture and distribute methamphetamine. In these circumstances we cannot say that the court abused its discretion in imposing concurrent twelve-year and six-year sentences to the DOC.

The judgment and sentence are affirmed.

Judge JONES and Judge ROTHENBERG concur.