**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clyde Rudolph ALLEN, Jr.,**
**Defendant-Appellant.**

**No. 83–8220**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 17, 1984.

Rehearing and Rehearing En Banc
Denied April 24, 1984.

---

Julie Carnes, Asst. U.S. Atty., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

GODBOLD, Chief Judge:

Allen and a co-defendant were indicted in a 17-count indictment for conspiracy, transportation of stolen vehicles in interstate commerce, and unlawful possession of a firearm. Allen entered a not guilty plea to all of the charges. He subsequently filed a motion to change his plea and a petition to enter a guilty plea to counts 1, 6, 14, and 17. In his petition he acknowledged that the maximum possible penalty he could receive was 17 years. 1 Record at 132.

The district court held a sentencing hearing at which Allen entered a guilty plea to count 1 (conspiracy to receive and transport stolen cars in interstate commerce), count 6 (transporting a stolen Ferrari in interstate commerce), count 14 (transporting a stolen Porsche in interstate commerce), and count 17 (illegal possession of a firearm by one previously convicted of a felony). The court informed Allen of the maximum possible penalty for each of the charges and he stated that he understood these penalties. 2 Record at 10–11. The government agreed to dismiss the 13 remaining charges in return for Allen's guilty plea on these four counts. The district court then accepted Allen's guilty plea and agreed not to consider the dismissed charges during its sentencing. Allen was sentenced to five years each on counts 1, 6, and 14, and a two-year sentence on count 17, which the court suspended. All sentences were to run consecutively. The remaining 13 counts were dismissed. No appeal was filed.

Allen subsequently filed two Fed.R. Crim.P. 35 motions to reduce sentence which were denied. In January 1983 Allen filed this Sec. 2255 petition requesting relief on the ground that he had been illegally sentenced. The district court denied relief and this appeal followed.

Allen raises three contentions concerning the legality of his sentence: first, that his being sentenced for both the conspiracy and

substantive offenses violated the double jeopardy clause; second, that the Ferrari and Porsche were transported as part of a single shipment and therefore counts 6 and 14 constituted a single offense for which he could receive only a single sentence under the double jeopardy clause; third, that his sentence was excessive since his co-defendant received a less severe penalty. All three of these claims are without merit, and we affirm.

■ As to Allen's first point, the overt acts charged in counts 6 and 14 are part of the conspiracy charged in count 1, but conspiracy is a separate offense and consecutive sentences may be imposed for a violation of a substantive criminal statute and for conspiracy to violate it. *See U.S. v. Cagnina,* 697 F.2d 915, 923 (11th Cir.1983); *Curtis v. U.S.,* 546 F.2d 1188, 1190 (5th Cir.), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977).

■ Allen's second contention, that the two substantive counts constituted but a single offense for which he could receive only a single sentence, was waived below. In his petition for change of plea Allen admitted that he could receive a maximum sentence on each count to run consecutively for a total of 17 years. He acknowledged this again at his sentencing hearing. Although a full examination of the facts after an evidentiary hearing might definitively demonstrate whether both stolen automobiles were shipped together, Allen waived his right to prove that this could have been a single offense when he failed to enter evidence on this point at his sentencing hearing after twice conceding that he could be sentenced to a total of 17 years on all four counts.

In *U.S. v. Pratt,* 657 F.2d 218 (8th Cir. 1981), the Eighth Circuit faced an almost identical situation. A defendant pleaded guilty to two counts of distributing PCP, acknowledged at his sentencing hearing that the maximum he could be sentenced for was five years on each count for a total of ten years, and was sentenced to ten years. He was held to have waived his double jeopardy claims. *Id.* "The case would only be marginally more clear if [the defendant] had said, in so many words, that he was giving up the right to assert a double-jeopardy claim if the court should later impose consecutive punishment." *Id.* at 220. We adopt the Eighth Circuit's analysis and find that it applies to Allen. Through his admissions that he could receive 17 years for these four offenses and his failure to introduce evidence on, or even to assert, this double jeopardy claim, Allen waived his right to contest the maximum sentence he could receive under the statutes. He has received the benefit of the dismissal of the other 13 charges and now wishes to renege on his part of the bargain. This we will not permit.

■ Allen's contention that his sentence is excessive because his co-defendant received a less severe penalty is frivolous. Sentencing is a matter addressed to the sound discretion of the trial court, and a sentence imposed will not be reversed unless it is beyond statutory or constitutional limits. *U.S. v. Campbell,* 711 F.2d 159, 160 (11th Cir.1983) (per curiam); *Nelson v. U.S.,* 709 F.2d 39, 40 (11th Cir.1983) (per curiam). Allen's sentence was in conformity with the governing statutes, and as held above, did not violate the double jeopardy clause.

AFFIRMED.