**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerald KAISER, Defendant–Appellant.**

**No. 86–5626.**

United States Court of Appeals, Eleventh Circuit.

Feb. 9, 1990.

As Amended March 15, 1990.

---

Theodore J. Sakowitz, Federal Public Defender, Richard C. Klugh, Jr., Asst. Federal Public Defender, Miami, Fla., Gerald Kaiser, Lauderhill, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Robert Bondi, Linda Collins Hertz, Sonia Escobio O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOHNSON and ANDERSON, Circuit Judges, and ATKINS *, Senior District Judge.

ANDERSON, Circuit Judge:

Appellant, Gerald Kaiser, pleaded guilty to a four count tax indictment. Counts one and two of the indictment alleged tax evasion in violation of 26 U.S.C. § 7201 for the calendar years 1979 and 1980. Both counts alleged that Kaiser "did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him ... for the calendar year [1979, count one; 1980, count two], by signing ... a false and fraudulent U.S. Individual Income Tax Return, Form 1040...." Counts three and four of the indictment alleged that Kaiser violated 26 U.S.C. § 7206(1) by filing false tax returns for 1979 and 1980, the same returns that are the subject of counts one and two. Counts three and four allege that Kaiser "did willfully and knowingly make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year [1979, count three; 1980, count four], which was verified by a written declaration that it was made under the penalties of perjury ... which said Individual Income Tax Return

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

he did not believe to be true and correct as to every material matter...."

Counts one and three, involving the 1979 tax return, both allege that Kaiser stated on his Form 1040 that his taxable income for 1979 was $46,045.00 and that the tax due and owing was $14,310.00, when he knew and believed that his taxable income was substantially higher. Counts two and four, involving the 1980 tax return, both allege that Kaiser stated that his taxable income for 1980 was $43,680.00 and that the tax due was $14,674.00, when he knew it to be higher.

Kaiser pleaded guilty to all four counts. The district court sentenced Kaiser to two years in prison on each of counts one and two, the periods of confinement to be consecutive, and $10,000 in fines on each count. On counts three and four, the district court placed the defendant on five years probation for each count, concurrent to each other and consecutive to counts one and two. The court further ordered $2,500 fines on each of counts three and four.

Kaiser appealed, arguing *inter alia* that the imposition of consecutive sentences for filing a false tax return and for tax evasion by filing the same false return violates the Double Jeopardy Clause of the Fifth Amendment. This court held that Kaiser waived his right to raise a double jeopardy claim when he entered his guilty pleas, and therefore we did not reach the merits of the double jeopardy issue. *United States v. Kaiser*, 833 F.2d 1019 (11th Cir.1987) (Table). The United States Supreme Court subsequently vacated that decision and remanded the case for further consideration in light of *United States v. Broce*, 488 U.S. ——, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). *Kaiser v. United States*, —— U.S. ——, 109 S.Ct. 1105, 103 L.Ed.2d 170 (1989). Upon reconsider-

ation, we conclude (1) that Kaiser's guilty plea did not waive his right to raise the double jeopardy claim and (2) that the convictions and consecutive sentences for tax evasion and for filing a false return constitute, in this case, a violation of the Double Jeopardy Clause.[1]

## I. WAIVER OF THE DOUBLE JEOPARDY CLAIM

Once a conviction upon a guilty plea has become final, the general rule is that any challenge to the conviction is limited to whether the underlying plea was counseled and voluntary. *United States v. Broce*, 488 U.S. at ——, 109 S.Ct. at 762. Here, Kaiser's claims that his plea was involuntary and that he received ineffective assistance of counsel are wholly without merit. Ordinarily, then, he would be barred from challenging his conviction. However, the Supreme Court has recognized that there are exceptions to the rule barring collateral attacks on a guilty plea. One such exception, established in *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam), and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and explained recently in *Broce*, occurs when a charge against a defendant, judged on the basis of the record that existed at the time the guilty plea was entered, is one the State may not constitutionally prosecute.[2] *See Broce*, 488 U.S. at ——, 109 S.Ct. at 765. Although the Supreme Court held that *Broce* itself did not fit within the *Menna/Blackledge* exception, the case presently before us does fit within that exception, and therefore Kaiser's plea did not waive his right to challenge his conviction.

In *Broce*, the defendants pleaded guilty to an indictment that, on its face, described

---

1. Kaiser's other claims on appeal have no merit and warrant no discussion.

2. We note that both *Menna* and *Blackledge* involved attempts by the government to bring a second prosecution against a defendant who had already been convicted of the same offense. Thus, the language of those cases referred to a prohibition against a second prosecution. The instant case does not involve the double jeopar-

dy protection against a second prosecution; rather, it involves the third prong of double jeopardy protection, i.e., the protection against multiple punishments for the same offense. See *infra* at 1304. However, the principle involved in *Menna* and *Blackledge* would seem to be equally applicable to this third prong of double jeopardy protection. Indeed *Broce* itself also involved the double jeopardy protection against multiple punishments.

separate offenses (two different conspiracies). On appeal, the defendants argued that the separate conspiracies identified in the indictment were actually smaller parts of one overarching conspiracy, and they contended that conviction and punishment for more than one conspiracy violated double jeopardy protections. The Court held, however, that because the indictment on its face alleged two distinct conspiracies, the defendants' guilty pleas admitted guilt for two conspiracies, not one. The defendants could not show that there was one conspiracy—thus establishing that their cumulative convictions and punishments violated double jeopardy—without relying on factual evidence outside the guilty plea record. The defendants were therefore barred from challenging their convictions.

In contrast to *Broce*, the present case does not require this court to rely on evidence outside the guilty plea record to determine that Kaiser's punishment violated the Double Jeopardy Clause. Kaiser asserts that his conviction and punishment for both the greater offenses charged in the indictment (the § 7201 offenses) and the lesser included offenses charged (the § 7206(1) offenses) violated the prohibitions of the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment prohibits the state from punishing a person twice for the same offense, *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), and a greater offense and a lesser included offense are considered the "same offense" for purposes of Double Jeopardy Clause protection. While the government may charge a defendant with both a greater and a lesser

included offense and may prosecute those offenses at a single trial, *see Ohio v. Johnson*, 467 U.S. 493, 500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984), the court may not enter separate convictions or impose cumulative punishments for both offenses unless the legislature has authorized such punishment, *Id; Ball v. United States*, 470 U.S. 856, 861, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985); *see also Brown v. Ohio*, 432 U.S. at 169, 97 S.Ct. at 2227 (holding that the Double Jeopardy Clause prohibits successive prosecution and cumulative punishment for a greater and a lesser included offense).

In this case, whether the false return counts described in the indictment against Kaiser were lesser included offenses of the tax evasion counts can be determined from the face of the indictment. The court could not impose cumulative punishments for a greater and a lesser-included offense; to do so would violate double jeopardy protections. Therefore, under *Broce*, Kaiser's guilty plea did not waive his double jeopardy claim, and we must address the merits of the double jeopardy issue.[3]

## II. THE DOUBLE JEOPARDY CLAIM

The Double Jeopardy Clause affords a defendant three basic protections: "[I]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. at 165, 97 S.Ct. at 2225 (quoting *North*

---

**3.** The government argues that the Supreme Court's decision in *Broce* is supportive of this court's reasoning in *United States v. Allen*, 724 F.2d 1556, 1558 (11th Cir.1984), in which this court held that the defendant waived his right to attack his conviction (by proving that two allegedly separate offenses were actually a single offense) when he pled guilty to both offenses and then failed to enter evidence at his sentencing hearing that the offenses were really the same. The government further contends that *Allen* controls the outcome of Kaiser's case. Even if the government is correct in arguing that *Broce* supports this court's analysis in *Allen*, the case before us is distinguishable from *Allen* in the same way that it is distinguishable from

*Broce*. In *Allen*, like *Broce*, the defendant had to rely on information outside the existing record to prove his double jeopardy claim. Allen was sentenced on one count of transporting a stolen Ferrari and on one count of transporting a stolen Porsche. He argued on appeal that both cars were transported in a single shipment, and that therefore the two counts constituted a single offense. The fact that the two cars were shipped as part of a single shipment did not appear in the guilty plea record, and thus Allen was forced to go beyond the record to support his double jeopardy claim. Kaiser, on the other hand, can make his claim based on the record that existed at the time he made his plea.

*Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted)). Because this case involves a single prosecution, only the third protection is relevant here.

■ The protection against multiple punishments is "designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. at 499, 104 S.Ct. at 2540–41. Whether punishments are multiple, for purposes of double jeopardy analysis, is a question of legislative intent. *Id.* If the statutes under which the defendant was sentenced specifically authorize cumulative punishments for the same offense, a court may impose cumulative punishment without running afoul of the Double Jeopardy Clause. *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); *United States v. Ricks*, 817 F.2d 692, 698 (11th Cir.1987). If, however, the statute does not clearly authorize cumulative punishment, then the court must apply the test set out in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), to determine if the offenses are sufficiently distinguishable to permit the imposition of cumulative punishment. *See Ohio v. Johnson*, 467 U.S. at 499 n. 8, 104 S.Ct. at 2541 n. 8; *Garrett v. United States*, 471 U.S. 773, 779, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985) (holding that "the *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history").

Kaiser pleaded guilty to two violations of 26 U.S.C. § 7201 and two violations of 26 U.S.C. § 7206(1). Section 7201 provides:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and,

upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

Section 7206 provides in relevant part:

> Any person who—
>
> > (1) **Declaration under penalties of perjury.**—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter
> > . . .
>
> shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.

Neither of these statutes contains clear and unambiguous language allowing cumulative convictions and punishments for one act of the defendant. The language "in addition to other penalties provided by law" contained in § 7201 (but not in § 7206(1)) does not rise to the level of clear authorization for multiple punishments that this circuit has recognized as sufficient in prior cases.[4] *See Fallada v. Dugger*, 819 F.2d 1564, 1572 (11th Cir.1987) (statute providing that "whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense," clearly indicated legislative intent to authorize cumulative punishment); *United States v. Ricks*, 817 F.2d 692, 698–99 (11th Cir.1987) (statute providing that "[w]hoever, during and in relation to any crime of violence, . . . uses or carries a firearm, shall, in addition to the punish-

---

**4.** The language "other penalties provided by law" may refer to additions to a tax, allowed under 26 U.S.C. §§ 6651–62, or to civil penalties allowed under 26 U.S.C. §§ 6671–6712. Of particular interest, § 6672(a) provides that "[a]ny person . . . who . . . willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded. . . ." § 6672(a) also provides for a civil penalty for failure to "truthfully account for and pay over" any tax owed under the Code. Other sections allow civil penalties for failure to supply information and for supplying fraudulent information.

ment provided for such crime of violence, be sentenced to imprisonment for five years" clearly indicated legislative intent to authorize cumulative punishment). *See also Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715 (1980) (holding that the statutes proscribing rape and the killing of a person in the course of a rape did not clearly authorize consecutive sentences where both statutes were violated in a single criminal episode). Moreover, the legislative history is silent on the question of whether consecutive sentences can be imposed for violations of §§ 7201 and 7206(1). Since congressional intent is not clear from the statute itself, we must turn to the *Blockburger* test to determine whether the offenses of which Kaiser was convicted are sufficiently distinguishable to permit cumulative punishment.

In *Blockburger v. United States*, 284 U.S. at 304, 52 S.Ct. at 182, the Supreme Court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Here, Kaiser asserts that filing a false return is the same offense (by virtue of being a lesser included offense) as tax evasion by filing the same false return, and that the one offense does not require proof of an additional fact that the other does not. We start our *Blockburger* analysis by examining the statutory elements of each offense.

The elements of tax evasion under § 7201 are: (1) willfulness; (2) existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). The elements of false filing under § 7206(1) are: (1) the making and subscribing of a tax return containing a written declaration that it was made under the penalties of perjury; (2) by one who did not believe the return to be true and correct as to every material matter; and (3) who acted in a willful, as opposed to a

negligent manner. *United States v. Edwards*, 777 F.2d 644, 651 (11th Cir.1985), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986).

The offense of tax evasion under § 7201 has elements not required for the offense of false filing under § 7206(1)—a tax deficiency and an act constituting evasion or attempted evasion of the tax. In the abstract, the offense of false filing has an element not required for tax evasion—i.e., the filing of a return. However, we do not decide the issue at hand in the abstract. *See Illinois v. Vitale*, 447 U.S. 410, 419–21, 100 S.Ct. 2260, 2266–67, 65 L.Ed.2d 228 (1980). In *Vitale*, the Supreme Court noted that "[t]he mere possibility that the State will seek to rely on all of the ingredients necessarily included in the [lesser included offense] to establish an element of its manslaughter case [the greater offense] would not be sufficient to bar the latter prosecution [for the greater offense]." *Id.* However, the Court qualified that statement by adding that if the government did in fact rely on and prove the lesser included offense as the act necessary to prove the greater offense, the defendant would have a substantial double jeopardy claim under *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). In this regard the Court said:

In *Harris*, we held, without dissent, that a defendant's conviction for felony murder based on a killing in the course of an armed robbery barred a subsequent prosecution against the same defendant for the robbery. The Oklahoma felony-murder statute on its face did not require proof of a robbery to establish felony murder; other felonies could underlie a felony-murder prosecution. But for the purposes of the Double Jeopardy Clause, we did not consider the crime generally described as felony murder as a separate offense distinct from its various elements. Rather, we treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser-included offense. The State conceded that the robbery for which petitioner had been indict-

ed was in fact the underlying felony, all elements of which had been proved in the murder prosecution. We held the subsequent robbery prosecution barred under the Double Jeopardy Clause, since under *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), a person who has been convicted of a crime having several elements included in it may not subsequestly be tried for a lesser-included offense—an offense consisting solely of one or more of the elements of the crime for which he has already been convicted.

*Vitale*, 100 S.Ct. at 2267 (footnotes omitted).

Similarly, the Court held in *Whalen v. United States*, 445 U.S. 684, 694–95, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980), that two statutes, one prohibiting rape and the other prohibiting killing in the course of committing a felony, did not authorize consecutive sentences when both statutes were violated in a single criminal episode. The Court reasoned that although under the language of the statute felony murder could be committed during the course of a felony other than rape, in this case a conviction for felony murder could not be had without proving all of the elements of the offense of rape. Therefore, felony murder and rape were the same offense under the *Blockburger* test.

■ The instant case involves the precise situation that *Vitale, Harris,* and *Whalen* point to as a double jeopardy violation. We are not faced with a situation in which there is a "mere possibility" that the government will rely on all of the elements of the lesser included offense to establish an element of the greater offense. Instead, we are confronted with a case in which the government must necessarily rely on all of the elements of the offense of false filing in order to establish an element of the greater offense of tax evasion. In a case such as this one, where tax evasion is charged solely by means of filing a false tax return under oath (i.e., a Form 1040), tax evasion includes as a legal necessity all the elements of false filing: filing a return under oath that is false as to a material matter, which the maker did not believe to

be true, and which was willfully, as opposed to negligently done. Therefore, under the *Blockburger* test, the offense of filing a false return is a lesser included offense of tax evasion by means of filing the same false return.

This result is indicated by binding authority in this circuit. *United States v. Newman*, 468 F.2d 791, 796 (5th Cir.1972), *cert. denied*, 411 U.S. 905, 93 S.Ct. 1527, 36 L.Ed.2d 194 (1973), holds that a violation of § 7203 (misdemeanor failure to file a return) is a lesser included offense of § 7201 where the failure to file is the act that forms the basis of the tax evasion charge. *See also United States v. Buckley*, 586 F.2d 498, 503–04 (5th Cir.1978), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979) (The court held that failure to file is a lesser offense included in a § 7201 conviction. "Appellant argues, and we agree, that failure to file is a lesser offense included in a Section 7201 conviction based on the facts of this case. The government conceded as much at oral argument."). The reasoning of *Newman* and *Buckley* applies equally to a § 7201 indictment that alleges only the filing of a false return as the predicate act. *See also United States v. Stone*, 702 F.2d 1333, 1340 (11th Cir.1983) (government conceded that, in that case, the § 7206(1) offense was a lesser included offense of the § 7201 offense); *United States v. Beasley*, 519 F.2d 233, 249 (5th Cir.1975) (government conceded that the trial court erroneously imposed consecutive sentences for defendant's conviction for tax evasion and for the lesser included offense of filing a false return), *vacated on other grounds*, 425 U.S. 956, 96 S.Ct. 1736, 48 L.Ed.2d 201 (1976).

The other circuits that have considered this issue have similarly concluded that filing a false return is a lesser included offense of tax evasion by filing a false return and that therefore consecutive punishments for both offenses are impermissible. *See United States v. Lodwick*, 410 F.2d 1202, 1206 (8th Cir.), *cert. denied*, 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92 (1969); *Gaunt v. United States*, 184 F.2d 284, 288, 290 (1st Cir.1950), *cert. denied*, 340 U.S.

917, 71 S.Ct. 350, 95 L.Ed. 662 (1951). *See also United States v. Gengo*, 808 F.2d 1, 3–4 n. 1 (2nd Cir.1986) (noting that filing a false return under § 7206(1) is a lesser included offense of tax evasion in violation of § 7201); *United States v. Rosenthal*, 454 F.2d 1252, 1255 (2nd Cir.), *cert. denied*, 406 U.S. 931, 92 S.Ct. 1801, 32 L.Ed.2d 134 (1972) (holding that an offense under § 7203 is a lesser included offense of § 7201, and that Congress did not intend two punishments for the one criminal activity). *But cf. United States v. Foster*, 789 F.2d 457, 459–61 (7th Cir.), *cert. denied*, 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986) (holding that Congress intended the § 7201 offense to be an offense separate from the misdemeanors in the Code, so § 7201 is a separate offense from both § 7203 offenses and § 7205 offenses).

For the foregoing reasons, we find that Kaiser may not be convicted and sentenced for both the greater offense of tax evasion and the lesser included offense of filing a false tax return. Thus, the convictions and sentences on the tax evasion counts are affirmed, but the convictions and sentences on counts three and four, the lesser included false filing counts, are vacated; and the judgment of the district court is affirmed and modified accordingly.

AFFIRMED AND MODIFIED.