[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

No. 05-15446
Non-Argument Calendar

_____

D. C. Docket No. 04-00444-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MOJA-PLASTICON,
a.k.a. Jairo Guzman,
a.k.a. Kennedy Holl,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 7, 2006)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Carlos Moja-Plasticon appeals his 60-month sentence for his conviction of illegally reentering the United States subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2). On appeal, Moja-Plasticon argues that (1) 8 U.S.C. § 1326 is unconstitutional because it permits judicial findings to form the basis for increases in the statutory maximum term of imprisonment, and (2) the increase in the maximum penalty based upon a prior conviction for an aggravated felony prescribed by 8 U.S.C. § 1326(b)(2) violates the Double Jeopardy Clause.

Moja-Plasticon first argues that 8 U.S.C. § 1326 is unconstitutional because it permits judicial findings to form the basis for increases in the statutory maximum term of imprisonment, and that characterizing a prior felony as an aggravated felony is beyond the scope of Almendarez-Torres v. United States, 523 U.S. 224, (1998).[1] We disagree.

8 U.S.C. § 1326 provides for criminal penalties for an alien who, after being removed, re-enters the United States without receiving the prior approval of the Attorney General. If such an alien was removed subsequent to conviction for an aggravated felony, the statutory maximum term of imprisonment increases from 2

_____

[1] We review preserved constitutional claims de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

2

years to 20 years. 8 U.S.C. §§ 1326(a), (b)(2). The sentencing guidelines provide for a 16-level enhancement where the aggravated felony was a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). We have repeatedly held that Almendarez-Torres is still good law, and that there is no Sixth Amendment violation in a judicial determination of the nature of a prior conviction, such as whether or not it was a violent felony, so long as the district court does not "look beyond the statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record." United States v. Greer, 440 F.3d 1267, 1273-76 (11th Cir. 2006).

In this case, Moja-Plasticon's prior conviction was for first-degree murder. There is no allegation that the district court went beyond permitted materials in determining that first-degree murder was a violent and aggravated felony. Therefore, there was no Sixth Amendment violation.

Moja-Plasticon further argues, for the first time,[2] that the increased statutory maximum in 8 U.S.C. § 1326(b)(2) violates the Double Jeopardy Clause by twice

---

[2] At the district court, Moja-Plasticon conceded that the appropriate statutory maximum was 20 years imprisonment, but later objected to the application of a 16-level enhancement on double jeopardy grounds. Moja-Plasticon's argument here centers on the distinction between an increased penalty within the statutory range—such as the 16-level enhancement—and an increase in the statutory maximum—such as the one contained in 8 U.S.C. § 1326(b)(2). As the district court was only presented with an argument as to the constitutionality of an increase within the statutory range, which Moja-Plasticon now concedes was without merit and asserts is constitutionally distinct from an increase in the statutory maximum, he failed to preserve his current argument for appeal.

3

subjecting him to punishment for the same offense.[3]

"The Double Jeopardy Clause protects a defendant against the imposition of multiple punishments for the same offense." United States v. Kaiser, 893 F.2d 1300, 1303 (11th Cir. 1990). Neither the Supreme Court nor this Court has held that 8 U.S.C. § 1326(b) violates the Double Jeopardy Clause. We have held, in general, that consideration of prior convictions in sentencing does not implicate or violate the Double Jeopardy Clause. See United States v. Fuentes, 107 F.3d 1515, 1522 (11th Cir. 1997). Where no statute, rule, or opinion—of this Court or the Supreme Court—specifically addresses and resolves an issue, there can be no plain error. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

Upon careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error.

**AFFIRMED.**

---

[3] A double jeopardy argument asserted for the first time on appeal is subject to plain error review. United States v. Rahim, 431 F.3d 753, 756-57 (11th Cir.), cert. denied, 126 S.Ct. 1820 (2006). For there to be plain error, the defendant must show that there was error, it was plain, and it affected substantial rights. United States v. Morris, 286 F.3d 1291, 1293 (11th Cir. 2002). If these three conditions are met, then we may exercise our discretion to notice the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.