[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11225

_____

D. C. Docket No. 03-80009-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT J. JABBOUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 21, 2006)**

Before PRYOR, FAY and REAVLEY*, Circuit Judges.

PER CURIAM:

---

* Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting
by designation.

Robert Jabbour appeals his convictions and sentences for three counts of tax evasion and tax evasion conspiracy. Jabbour argues that the evidence was insufficient to support each of his convictions, the district court erred in its application of the advisory Sentencing Guidelines, and his sentence was unreasonable. We affirm.

## I. BACKGROUND

Jabbour was charged in 47 counts of a 51-count indictment that alleged the participation of Jabbour, Nicholas DeAngelis, Louis Claps, Carlie Hupman, Luann Hazen, and Tonya Rose in a fraudulent investment and tax evasion scheme. At the start of his trial, Jabbour pleaded guilty to Count 49, evasion of payment of his own taxes. 26 U.S.C. § 7201. Early in the trial, the government agreed to dismiss the remaining charges if Jabbour pleaded guilty to two additional tax evasion counts, but the court rejected the proffered oral plea agreement. The jury found Jabbour guilty of Count 48, conspiracy with DeAngelis to impair and impede the IRS with respect to Jabbour's and DeAngelis's taxes, 18 U.S.C. § 371; and Count 50, evasion of payment of DeAngelis's taxes, 26 U.S.C. § 7201, 18 U.S.C. § 2; and acquitted Jabbour of the remaining charges.

With respect to the convicted charges, the government presented evidence that Jabbour kept no assets in his name. At Jabbour's instruction, Hupman,

2

Jabbour's ex-wife, served as the nominal director of his company, deposited his funds into her checking account for his use, and pre-signed blank checks for him. At Jabbour's instruction, Hazen served as a nominal corporate director for DeAngelis and pre-signed blank company checks for Jabbour's and DeAngelis's use. Jabbour processed $147,000 of income through the checking account of Rose, his girlfriend, and he established utility accounts at DeAngelis's residence in the name of Gyonki Berki, the mother of his child. At DeAngelis's instruction, Claps negotiated company checks with "repay loan" in the memorandum line and gave the cash to Jabbour. Jabbour arranged to post bond for DeAngelis, Hupman, and Rose when they were arrested. Jabbour introduced DeAngelis to his tax preparer, Thomas Lopez, and paid for the preparation of one of DeAngelis's returns. Lopez advised Jabbour to take DeAngelis to the best tax attorney in town. Both Jabbour and DeAngelis failed to file tax returns in some years and, in other years, filed but made no payments. None of the companies with which Jabbour was affiliated filed corporate tax returns. Jabbour testified in his defense and denied the charges:

> [Counsel]. Did you agree with Nicholas DeAngelis to help him not pay his taxes?
> [Jabbour]. No.
> [Counsel]. Did you agree with him to help him, or did he agree with you to help you not pay taxes?

3

| [Prosecutor]: | Objection; leading. |
| THE COURT: | Overruled. |
| [Jabbour]: | No, I didn't. |

After the jury returned its verdicts, the court submitted two questions to the jury for sentencing purposes. The jury found that Jabbour did not use sophisticated means and the amount of loss was $80,001 to $200,000. At sentencing, the court applied enhancements for a loss of $1.632 million, sophisticated means, leader-organizer role, and obstruction of justice, and denied a reduction for acceptance of responsibility. With a total offense level of 30 and a criminal history category of II, the advisory Guideline range was 108 to 135 months. The court imposed a sentence of 120 months: 60 months for Count 48, and 60 months each for Counts 49 and 50, to be served concurrently.

## II. STANDARDS OF REVIEW

The following standards of review govern this appeal. We review challenges to the sufficiency of the evidence de novo. United States v. Keller, 916 F.2d 628, 632 (11th Cir. 1990). We view the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor" to determine whether a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt. Id. We review a sentence for Sixth Amendment violations de novo. United States v. Paz, 405 F.3d

4

946, 948 (11th Cir. 2005). We review the sentencing court's application of the Sentencing Guidelines to the facts de novo, and we review its factual findings for clear error. United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005). We review for clear error a determination of the amount of loss, United States v. Patti, 337 F.3d 1317, 1323 (11th Cir. 2003), an enhancement for sophisticated means, United States v. Barakat, 130 F.3d 1448, 1456 (11th Cir. 1997), a determination of the defendant's role in the offense, United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc), an enhancement for obstruction of justice, Patti, 337 F.3d at 1324, and a determination of the defendant's acceptance of responsibility, De Varon, 175 F.3d at 937 n.3. We review the sentence as a whole for reasonableness. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). We review the rejection of a guilty plea for abuse of discretion. United States v. Gomez-Gomez, 822 F.2d 1008, 1010 (11th Cir. 1987).

## III. DISCUSSION

Jabbour disputes the sufficiency of the evidence and the legality of his sentences. All arguments fail. We discuss each set of issues in turn.

### A. Sufficiency of the Evidence

Jabbour argues that the evidence was insufficient to prove all three of the elements of tax evasion, 26 U.S.C. § 7201: "(1) willfulness; (2) existence of a tax

5

deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." United States v. Kaiser, 893 F.2d 1300, 1305 (11th Cir. 1990). To be convicted of aiding and abetting, 18 U.S.C. § 2, the defendant "must assist the perpetrator of the crime while sharing in the requisite criminal intent." United States v. Schwartz, 666 F.2d 461, 463 (11th Cir. 1982). The government must prove that "the defendant associated himself with a criminal venture, participated in it as something he wished to bring about and sought by his actions to make it succeed." Id. (citation and internal quotation marks omitted). Jabbour's arguments fail.

Circumstantial evidence established that Jabbour knew about DeAngelis's tax deficiency and willingly participated in DeAngelis's tax evasion. Jabbour took DeAngelis to his tax preparer and paid for the preparation of DeAngelis's tax return, and Jabbour arranged to bail out DeAngelis without using his own or DeAngelis's assets when DeAngelis was arrested for attempted tax evasion. Viewed in the light most favorable to the government, the evidence was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Jabbour aided and abetted DeAngelis's tax evasion.

The evidence was also sufficient for the conspiracy conviction. To support a conviction for conspiracy, 18 U.S.C. § 371, to violate 26 U.S.C. § 7201, the

government must prove, in addition to the underlying tax evasion, that "there was an <u>agreement</u> whose purpose was to <u>impede the IRS</u> (the conspiracy), and that each defendant <u>knowingly participated</u> in that conspiracy." <u>United States v. Adkinson</u>, 158 F.3d 1147, 1154 (11th Cir. 1998). A tax evasion conspiracy may be proved by circumstantial evidence. <u>Id.</u> at 1153. "The government, however, must show circumstances from which a jury could infer beyond a reasonable doubt that there was a meeting of the minds to commit an unlawful act." <u>Id.</u> at 1154 (citation and internal quotation marks omitted).

Circumstantial evidence established that Jabbour and DeAngelis agreed to evade taxation. The jury could conclude that Jabbour's and DeAngelis's identical patterns of tax evasion and asset concealment through the use of nominees could be explained only by an agreement between the two men. Unlike <u>Adkinson</u>, in which we reversed tax evasion conspiracy convictions when the only evidence of an agreement was the defendants' participation in concealing the source of illegally obtained funds, Jabbour maintained that he did not know that the funds were illegally obtained by DeAngelis. Jabbour added to the weight of the evidence against him when he took the stand to testify in his defense. Viewing the evidence in the light most favorable to the government, we conclude not only that the jury was entitled to disbelieve Jabbour's denials, but that it believed the exact

opposite of what he said.  See United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995).  The evidence was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Jabbour conspired with DeAngelis to evade the payment of their taxes.

*B.  Sentencing*

Jabbour makes four arguments against his sentences:  (1) the sentences violate the Sixth Amendment and the Ex Post Facto Clause because the judge made factual findings that the jury rejected; (2) the court erroneously applied the advisory Sentencing Guidelines; (3) the sentences were unreasonable; and (4) the court was prejudiced and the sentence was predetermined.  We discuss each in turn.

1.  Sixth Amendment and Ex Post Facto Issues

Jabbour argues that under Apprendi, Blakely, and Booker, his Sixth Amendment right to a jury trial was violated when the court enhanced his sentence with judicial findings that contradicted the special verdicts of the jury about the amount of loss and sophisticated means.  This argument fails.  After Booker, the Sixth Amendment is violated only when extra-verdict enhancements yield a sentence that exceeds the statutory maximum authorized by the jury.  United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738, 756 (2005).  "[T]he various

top ranges of the Guidelines are no longer binding, and therefore, no longer constitute 'little relevant maximums.'" United States v. Duncan, 400 F.3d 1297, 1303 (11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 432 (2005). Jabbour's sentences are within the maximum authorized by Jabbour's guilty plea and the jury's verdicts, including its special verdicts: five years for Count 48, 18 U.S.C. § 371, and five years each for Counts 49 and 50, 26 U.S.C. § 7201.

Jabbour's remaining arguments also fail. There was no ex post facto violation because Jabbour had notice of the statutory maximum sentences when he committed the crimes. See Duncan, 400 F.3d at 1307. All of the acquitted conduct used to enhance his sentence was relevant to the tax evasion convictions. See United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997).

### 2. Application of the Advisory Guidelines

Jabbour raises arguments against each of the four enhancements the court applied and the acceptance of responsibility reduction the court denied. We discuss each in turn.

### a. Amount of Tax Loss

Jabbour first argues that the court erred when it disregarded the implications of the jury's special verdict on the amount of loss. This argument fails. The special verdict was not a finding of guilt or innocence.

9

Jabbour next argues that the court's finding of $1.632 million loss was clearly erroneous. This argument also fails. When the amount of tax loss is uncertain, "the guidelines contemplate that the court will simply make a reasonable estimate based on the available facts." U.S.S.G. § 2T1.1, cmt. n.1. The district court reached its loss figure by finding that $1.1 million of DeAngelis's total tax loss of $2.6 million was foreseeable to Jabbour and Jabbour's own tax loss was $532,000. See United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003); Sentencing Guidelines § 1B1.3(a)(1)(B). The evidence that Jabbour knew the quantum of DeAngelis's income was reliable and specific. See United States v. Sepulveda, 115 F.3d 882, 890 (11th Cir. 1997). It was not clearly erroneous for the court to conclude that DeAngelis's foreseeable loss was twice that of Jabbour's.

### b. Sophisticated Means

Jabbour argues that the court erred when it disregarded the jury's special verdict on sophisticated means. This argument fails. So long as the sentence imposed does not exceed that authorized by the jury, a sentencing court is free to make its own findings by a preponderance of the evidence.

The court's finding of sophisticated means was not clearly erroneous. "Sophisticated means" refers to "especially complex or especially intricate offense

10

conduct pertaining to the execution or concealment of an offense," and ordinarily includes "conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts." U.S.S.G. § 2T1.1(b)(2), cmt. n.4. A preponderance of the evidence established that Jabbour kept his name off accounts, businesses, and properties and used a complex network of nominees to conceal his assets and evade making payments to the IRS. In comparison to the "routine" tax evasion case, Jabbour's conduct was more complex and required greater intricacy and planning. See id.; Barakat, 130 F.3d at 1456.

### c. Role in the Offense

Jabbour argues that the leader-organizer role enhancement was clearly erroneous. We disagree. A four-level enhancement may be applied when "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). A "participant" is someone "who is criminally responsible for the commission of the offense, but need not have been convicted." Id. cmt. n.1. The defendant is counted as one of the participants. United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994). The district court did not clearly err when it found that Jabbour, DeAngelis, Hazen, Hupman, Claps, and Rose were participants in the tax evasion

11

scheme. Jabbour, DeAngelis, and Hupman were convicted of tax evasion activity, and Hazen and Claps pleaded guilty to related tax offenses. Rose was acquitted of the tax charges, but the court found that her criminal responsibility was established by a preponderance of the evidence.

### d. Obstruction of Justice

Jabbour argues that the enhancement for obstruction of justice was clearly erroneous because he did not commit perjury. This argument fails. The obstruction enhancement is warranted when a defendant commits, suborns, or attempts to suborn perjury. U.S.S.G. § 3C1.1, cmt. n.4(b). Perjury in this context means "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002). The district court identified at least four statements that Jabbour made in affidavits and in sworn testimony that were clearly perjurious, any one of which is sufficient to sustain the enhancement. Jabbou r's false trial testimony, which the jury clearly disbelieved as well, was also sufficient basis a sufficient basis for the enhancement.

### e. Acceptance of Responsibility

Jabbour argues that the refusal of the district court to grant a reduction for

acceptance of responsibility was clearly erroneous. This argument fails. "An adjustment . . . for acceptance of responsibility is not warranted when a defendant's conduct results in an enhancement for obstruction of justice." United States v. Arguedas, 86 F.3d 1054, 1059-60 (11th Cir. 1996).

### 3. Reasonableness

Jabbour asserts that a ten-year sentence for tax evasion is unreasonable, but he offers no supporting argument or explanation. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). By offering no argument about why the sentence was unreasonable, Jabbour has failed to meet this burden.

### 4. Judicial Prejudice

Jabbour asserts that his sentence was predetermined and argues that the court abused its discretion when it rejected his offer to plead guilty at the beginning of the trial. We disagree. The court rejected the plea not because it was determined to convict Jabbour on the fraud and money laundering charges, but because it wanted Jabbour to be punished for his treatment of Berki. "That a plea bargain will result in too light a sentence under the circumstances is a sound reason for a refusal to accept it. Only in unusual circumstances will the rejection

13

of a plea bargain be an abuse of discretion." United States v. Ocanas, 628 F.2d 353, 358 (5th Cir. 1980). Under the Sentencing Guidelines, a court may accept a plea agreement if it determines that "the remaining charges adequately reflect the seriousness of the actual offense behavior." U.S.S.G. § 6B1.2(a). The determination by the court that the plea agreement did not meet this standard was not an abuse of discretion.

## IV. CONCLUSION

Jabbour's convictions and sentences are

**AFFIRMED.**