[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15800
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20307-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. MEMBRIDES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 27, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Michael A. Membrides appeals his conviction for one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and he appeals his 84-month sentence.  Membrides argues that the district court erred by (1) granting a two-level downward adjustment under U.S.S.G. § 3E1.1(a) while allowing the government to withhold a motion for an additional one-point reduction under U.S.S.G. § 3E1.1(b); (2) assigning him an enhancement for obstruction of justice under U.S.S.G. § 3C1.1; and (3) denying his motion to suppress.  Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

We review the denial of an acceptance-of-responsibility reduction for clear error.  *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009).  The district court's finding is entitled to great deference on review, and should not be disturbed unless it lacks foundation.  *Id.*  A factual finding is clearly erroneous when, after reviewing the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed.  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011).

A defendant is entitled to a one-level reduction pursuant to § 3E1.1(b), if, among other conditions, the government files a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct

by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). Section 3E1.1(b) was recently amended to require a government motion. Amendment 775 to § 3E1.1(b) provides that "[t]he government should not withhold [a § 3E1.1(b) motion] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. § 3E1.1(b) cmt. 6.

Here, the district court did not clearly err when it did not award Membrides a third reduction point under § 3E1.1(b). Membrides was sentenced on December 10, 2013, and therefore the 2013 Guidelines, with Amendment 775, apply. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). Although the Amendment arguably may allow for judicial review of the government's refusal to make a § 3E1.1(b) motion, we have not yet decided under what circumstances, if any, the district court may review the government's decision not to file such a motion. Regardless, however, Membrides's argument fails. While Membrides indicated his intention to plead guilty early on, he stated that he would do so only *if* he lost his suppression motion. Thus, late in the game, the government had to fully prepare for a two-day suppression hearing. That preparation included preparing law enforcement witnesses to testify about facts similar to those they would testify

about at a trial and defeated the purpose of § 3E1.1(b)'s incentive to plead early. By conditioning his guilty plea on the outcome of the suppression hearing, Membrides forced the government and the district court to allocate resources they would not have been required to allocate if Membrides had pleaded guilty outright. This is one of the considerations identified in § 3E1.1, thus even if the Amendment created judicial review, the district court did not clearly err.  In similar circumstances before § 3E1.1 was amended, we upheld withholding the one-point reduction when a guilty plea was made on the eve of trial following denial of a motion to suppress, after the government began trial preparation.  *See United States v. Gilbert*, 138 F.3d 1371, 1373–74 (11th Cir. 1998) (per curiam), *abrogated on other grounds by United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008).  That holding remains appropriate despite the Amendment and Membrides therefore cannot benefit from the fact that he pleaded as soon as was practicable give his trial strategy.

## II.

In reviewing the district court's application of an obstruction-of-justice enhancement, we review the district court's factual findings for clear error and its applications of the Sentencing Guidelines de novo.  *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011).  Pursuant to U.S.S.G. § 3C1.1, a defendant's offense level will be increased by two levels if

4

(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense. . . .

U.S.S.G. § 3C1.1.  An example of conduct deemed "obstructive" under § 3C1.1 is directly or indirectly attempting to threaten or intimidate a codefendant or witness. *Id.* § 3C1.1 cmt. 4(A).  The defendant need not be successful in his attempt to impede or obstruct the administration of justice in order for the enhancement to apply.  *See United States v. Taylor*, 88 F.3d 938, 943–44 (11th Cir. 1996).  A district court applying the obstruction-of-justice enhancement must identify what the defendant did, why that conduct warranted the enhancement, and how that conduct hindered either the investigation or prosecution of the offense.  *Id.* at 944.  However, even where a district court fails to make such individualized findings, a remand is unnecessary if the record clearly reflects and supports the basis for the enhancement.  *Id.*

The district court did not clearly err in applying a § 3C1.1 enhancement to Membrides.  During pretrial detention Membrides attempted to orchestrate a social media barrage to threaten or intimidate a witness in this case.  *See* § 3C1.1 cmt. 4(A).  He made numerous calls to his mother and other associates instructing them to "expose" the witness as a snitch.  During one phone call, for example, Membrides told an associate that the witness "will be testifying in court, so I can't

5

even take my case to trial." And later, that the witness "was talking about things he shouldn't be talking about." In another jailhouse phone call, Membrides instructed his mother to post all the discovery information online: "Put that s— on my Facebook," and "Put that s— as a picture." Membrides also called an unidentified male and told him, "If they don't drop my charge for the illegal search and seizure, guess what, I'm pleading guilty." The male informed Membrides, "I put the word out about this f— n— dawg that's running his lip," and "Everybody's going to find out about this." Membrides replied, "Oh, I'm glad. Expose him." The male said, "I wanna get some of those papers you were talking about." Membrides told him, "I need to get it from the counselor," and then, "I'll get it for you. Instagram that s—." The male replied, "Facebook. Everything."

The court further stated that it could not ignore "that [Membrides] is documented as a gang member and that social media would be a way of getting the message out." Based on the court's statements and the fact that the record reflects that Membrides referred to the witness as a "snitch," encouraged his friends and mother to post as much on social media to "expose" the witness, and wanted his friends to post on social media copies of documents he obtained during discovery that show the witness was cooperating with the government, the enhancement for obstruction of justice was not applied in error. *See Taylor*, 88 F.3d at 944.

### III.

6

We review de novo whether a defendant's guilty plea caused him to waive his right to appeal the denial of a motion to suppress. *See United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). Generally, a defendant's unconditional plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings. *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973) (per curiam).[1] A defendant can preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty by entering a "conditional plea" pursuant to Federal Rule of Criminal Procedure 11(a)(2), "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2); *see also Pierre*, 120 F.3d at 1155.

Membrides waived appellate review of the denial of his motion to suppress because his unconditional plea of guilty was made knowingly, voluntarily, and with the benefit of competent counsel. Additionally, the district court's refusal to suppress evidence is non-jurisdictional. *See McCoy*, 477 F.2d at 551. Membrides argues that the Supreme Court's decision in *Menna v. New York*, 423 U.S. 61, 96

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

S. Ct. 241 (1975) (per curiam), a double jeopardy challenge, allows an exception to the general rule that a non-conditional guilty plea waives all non-jurisdictional grounds for appeal.  We have not applied *Menna*'s exception to a defendant's appeal of a denial of a motion to suppress after pleading guilty, nor have we suggested that *Menna* should be applied as broadly as Membrides argues.  Rather, this court has explained that *Menna* provides for such an exception "when a charge against a defendant, judged on the basis of the record that existed at the time the guilty plea was entered, is one the State may not constitutionally prosecute." *United States v. Kaiser*, 893 F.2d 1300, 1302 (11th Cir. 1990).  Membrides's motion to suppress does not fall within this category.

**AFFIRMED.**